UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LAMAR WILLIAMS,

    Petitioner,                              Civil No. 2:14-CV-10408
                                                     HONORABLE SEAN F. COX
                                                     UNITED STATES DISTRICT COURT

v.

LLOYD RAPELJE,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION TO HOLD THE PETITION IN ABEYANCE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE APPEAL *IN FORMA PAUPERIS***

      Petitioner Anthony Lamar Williams, incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. In his *pro se* application, petitioner challenges his conviction for voluntary manslaughter, M.C.L.A. 750.321, larceny from a person, M.C.L.A. 750.357, possession of a firearm by a felon, M.C.L.A. 750.224f, and felony-firearm, M.C.L.A. 750.227b. Respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent argues that the petition should be dismissed because it contains a claim that has yet to be properly exhausted with the state courts. Petitioner responded by filing a motion that the petition for writ of habeas corpus be held in abeyance so that he can return to the state courts to exhaust this claim and additional claims. For the reasons stated below, the

1

motion to hold the petition in abeyance is denied. The petition for writ of habeas corpus will be summarily dismissed without prejudice.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on direct appeal. *People v. Williams*, No. 310441 (Mich. Ct. App. July 23, 2013); *lv. Den.* 495 Mich. 903, 839 N.W.2d 455 (Mich. 2013).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Due diligence (abuse of discretion)

II. Sixth Amendment constitutional right to confrontation

## II. Discussion

The instant petition is subject to dismissal because it contains a claim that has yet to be properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner, by his own admission, did not raise his second claim alleging a violation of the Sixth Amendment right to confrontation in his direct appeal before the Michigan Court of Appeals. The sole claim raised by petitioner in his brief on appeal before the Michigan Court of Appeals was that the prosecution failed to exercise due diligence under Michigan

2

law in attempting to locate a missing witness and therefore should not have been allowed to use her preliminary examination testimony in lieu of her live testimony. Petitioner raised this claim as a violation of state law. [1]

The exhaustion requirement requires that a federal habeas petitioner fairly present the substance of each federal constitutional claim to state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). In order to exhaust state court remedies, a habeas petitioner must present his or her claim to the state courts as a federal constitutional issue, not merely as an issue that arises under state law. *Koontz v. Glossa*, 731 F. 2d 365, 368 (6th Cir. 1984)(internal citations omitted). It is not enough that all the facts necessary to support the federal claim were presented to the state courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

Petitioner failed to exhaust his Confrontation Clause claim on his appeal of right with the Michigan Court of Appeals because he never raised a federal constitutional claim before that court. Although petitioner made a brief reference to the Sixth Amendment and the right

---

[1] See Appellant's Brief on Appeal [Part of this Court's Dkt. # 11-12].

of confrontation in his brief on appeal, [2] a habeas petitioner's "sporadic and undeveloped allusions" to a claim do not satisfy the exhaustion requirement. See *Vasquez v. Jones,* 496 F. 3d 564, 568 (6th Cir. 2007). Indeed, petitioner made no mention of any potential Confrontation Clause violation in the statement of questions in the appellate brief. M.C.R. 7.212(C)(5) requires a statement of the questions involved, with each issue for appeal separately numbered. See *Dando v. Yukins,* 461 F. 3d 791, 797 (6th Cir. 2006). In his brief before the Michigan Court of Appeals, petitioner merely argued that the trial court abused its discretion in finding due diligence by the prosecution in attempting to locate their witness so as to allow her previous testimony to be read into the record. [3] By failing to raise a Confrontation Clause claim in the headings in his appeal brief, petitioner did not fairly present his Sixth Amendment confrontation claim to the state courts for purposes of properly exhausting this claim. See *Wagner v. Smith*, 581 F.3d 410, 415-16 (6th Cir. 2009). Finally, petitioner did not fairly present his Confrontation Clause claim to the Michigan Court of Appeals when his appeal brief relied on state court cases, statutes, or court rules without citing to a single federal case. See *Slaughter v. Parker*, 450 F. 3d 224, 235-36 (6th Cir. 2006).

Petitioner's subsequent presentation of his Confrontation Clause claim to the Michigan Supreme Court in his application for leave to appeal to the Michigan Supreme Court would be insufficient to properly exhaust this claim. Raising a claim for the first time

---

[2] *Id.,* p. 7.

[3] *Id.,* pp. ii, 1, 6.

before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to adequately present his second claim on his direct appeal with the Michigan Court of Appeals, his subsequent presentation of this claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. See *Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011). Petitioner's second claim is unexhausted.

Petitioner argues that his second claim was not presented to the Michigan appellate courts as part of his direct appeal because of the ineffectiveness of his appellate counsel.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel may have been ineffective in failing to raise petitioner's Confrontation Clause claim on his appeal of right would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust his claim. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-

conviction procedures). Petitioner's ineffective assistance of appellate counsel, in fact, is itself subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

Petitioner has an available state court remedy with which to exhaust his second claim, as well as any additional claims. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F. 3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S.269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state court to exhaust his second claim or any additional claims that he may wish to raise, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on November 25, 2013. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the

state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on February 23, 2014. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with the court on January 3, 2014, before the one year statute of limitations had even begun running. [4] The Court is dismissing the petition without delay. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Even if the limitations period is not tolled during the time that petitioner's current habeas petition is pending in the federal court, petitioner would still have almost six months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings. Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See*

---

[4] Under the prison mailbox rule, the court will assume that petitioner actually filed his habeas petition on January 3, 2014, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

7

*Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

There is however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly meritless. This Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from January 3, 2014, the date petitioner filed his petition, until petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below in Section IV of the opinion.

### III. Conclusion

The Court will dismiss the petition for writ of habeas corpus without prejudice. The court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* [5]

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable that petitioner had failed to properly exhaust his second claim with the state courts. *See e.g. Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

---

[5] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

9

## IV.  ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to hold habeas petition in abeyance [Dkt. # 12] is **DENIED.**

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from January 3, 2014, the date that petitioner filed his habeas application, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner returns to the federal court to pursue habeas corpus relief within thirty days of the completion of his state post-conviction proceedings.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a certificate of appealability or leave to proceed *in forma pauperis* on appeal.


Dated:  September 11, 2014                S/ Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Judge

I hereby certify that on September 11, 2014, the foregoing document was served on counsel of record via electronic means and upon Anthony Lamar Williams via First Class mail at the address below:

Anthony Lamar Williams 235097
Saginaw (MSP)
Saginaw Correctional Facility
9625 Pierce Rd.
Freeland, MI 48623


                                          S/ J. McCoy
                                          Case Manager

10